## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF KANSAS

**RANDY PALMER,**

        **Plaintiff,**

**v.**                                **Case No.  05-2372 - JWL**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

        **Defendant.**

## <u>MEMORANDUM & ORDER</u>

Mr. Palmer brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of defendant, the Commissioner of Social Security, to deny his application for disability insurance benefits under Title II of the Social Security Act.  The court referred this matter to a Magistrate Judge, who issued a Report and Recommendation to affirm the decision of the Administrative Law Judge ("ALJ"), who had affirmed the Commissioner's decision.

The plaintiff, through counsel, then submitted a single objection to the Magistrate Judge's Report and Recommendation, arguing that the ALJ failed to recontact plaintiff's treating physician to reconcile an alleged conflict in the record.  As explained below, the court disagrees with the objection raised by Mr. Palmer.  As a result, the court will adopt the decision of the Magistrate Judge and, ultimately, affirm the decision of the Commissioner to deny benefits to Mr. Palmer.

**I.**        **PROCEDURAL BACKGROUND**

On May 31, 2002, Mr. Palmer filed an application for a period of disability and disability insurance benefits.   He alleged an onset of disability on February 2, 2002.   His application was denied both initially and upon reconsideration, and at plaintiff's request, an administrative law judge ("ALJ") held a hearing on March 29, 2005, to explore this matter.   Appearing with counsel, plaintiff testified that he suffered from pain and a variety of physical and mental impairments.   In addition, Mr. Palmer's wife and a vocational expert testified at the hearing.

On April 20, 2005, the ALJ issued his written decision in which he affirmed the Commissioner's denial of benefits to Mr. Palmer.   "The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003); *see also* 20 C.F.R. § 404.1520 (explaining this five-step process).   In this case, the ALJ determined at step five that Mr. Palmer was not disabled.   At step five, the Commissioner has the burden to show that a claimant retains the functional capacity to do other work that exists in the regional and national economies. *See Oslin v. Barnhart*, 2003 WL 21666675 n.1 (10th Cir. 2003) (citing *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001)).   Thus, although in this case the ALJ found that Mr. Palmer suffered from severe impairments and could not return to his past work, the ALJ found that Mr. Palmer retained the residual functional capacity to perform a significant number of jobs that exist in the regional and national economies.

After receiving the ALJ's unfavorable decision, Mr. Palmer requested review by the Appeals Council.   The Appeals Council, however, denied plaintiff's request for review.   As a result of that denial, the ALJ's decision became the final decision of the Commissioner.   *Threet v.*

2

*Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003).   Upon Mr. Palmer's petition for judicial review of that decision, the court referred the matter to a Magistrate Judge, who recommended that the Commissioner's denial of benefits be affirmed based on substantial evidence in the record.   Mr. Palmer has filed an objection to the Magistrate Judge's Report and Recommendation, and this matter is now ripe for this court's review.

## II.   STANDARD OF REVIEW OF THE COMMISSIONER'S DENIAL OF BENEFITS

This court has limited review of the Commissioner's determination that Mr. Palmer is not disabled within the meaning of the Social Security Act.   *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992).   The court examines whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).   "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).   "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (quotation omitted); *Hamlin*, 365 F.3d at 1214 (same). The court neither reweighs the evidence nor substitutes its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.   Grounds for reversal exist if the agency fails to apply the correct legal standards or fails to demonstrate reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1114.

As previewed earlier, "[t]he Commissioner follows a five-step sequential evaluation

process to determine whether a claimant is disabled." *Doyal*, 331 F.3d at 760.  This five-step analysis evaluates whether: (1) the claimant is engaged in substantial gainful activity; (2) the claimant suffers from a severe impairment or combination of impairments; (3) the impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation; and (4) the claimant possesses the residual functional capacity to perform his or her past work or (5) other work in the national economy.  *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant bears the burden of proof through step four, and, if the claimant meets this burden, then the burden shifts to the Commissioner at step five. *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005).

III.    **ANALYSIS OF THE OBJECTION TO THE REPORT AND RECOMMENDATION**

A.    **Standard of Review of the Report and Recommendation**

The court reviews de novo those portions of the Magistrate Judge's Report and Recommendation to which a written objection has been made.  Fed.R.Civ.P. 72(b).  As the Magistrate Judge explicitly advised the parties in the conclusion of his Report and Recommendation, those portions to which neither party objects are deemed admitted, and failure to object constitutes a waiver of any right to appeal.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004).

In addition, a district court is afforded considerable discretion in determining what reliance it may place upon the magistrate judge's findings and recommendations.  *See Andrews v. Deland*, 943 F.2d 1162 (10th Cir. 1991) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)).  Upon receipt of a magistrate judge's report and recommendation, a district court may accept, reject, or

modify the magistrate judge's disposition.  28 U.S.C. 636(b)(1) (1994); Fed.R.Civ.P. 72(b).

**B.      The Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, the Magistrate Judge focused on the allegations raised in Mr. Palmer's petition for judicial review.   The Magistrate Judge summarized the factual background and the ALJ's decision in detail, and the court will not repeat that discussion here. Moreover, because the parties raised only one objection to the Report and Recommendation, the court will focus on the Magistrate Judge's discussion of whether the ALJ failed to properly recontact Mr. Palmer's treating physician, Dr. Amundson, to resolve a conflict in the record regarding an improvement in Mr. Palmer's condition following Dr. Amundson's written responses to a questionnaire in February 2003.

As the Magistrate Judge explained, Mr. Palmer objects to the ALJ's analysis of the medical evaluation by the treating physician, Dr. Amundson, in February 2003.   Based on Dr. Amundson's answers to a questionnaire following that evaluation, Mr. Palmer argued to the ALJ that his condition met Listing 1.04A.   But, as summarized by the Magistrate Judge, the ALJ gave "limited weight" to the responses of Dr. Amundson, the treating physician, for seven reasons: (1) the responses were provided less than two months after surgery; (2) the responses were provided only a short time after plaintiff began post-surgery physical therapy rehabilitation; (3) the responses conflict with the findings and assessments in Dr. Amundson's subsequent treatment notes; (4) the responses conflict with plaintiff's physical therapy treatment notes;   (5) the responses conflict with the April 2003 functional capacity assessment; (6) the responses conflict with the opinions of the state agency physicians who performed the initial and reconsideration RFC assessment; and

(7) the specific requirements of Listing 1.04 are not met.

In evaluating this list, the Magistrate Judge concluded that the seven reasons supplied by the ALJ "are supported by the evidence in the record. Plaintiff attacks only two of the reasons given, and then only impliedly. The [Magistrate Judge] finds that the ALJ properly evaluated Dr. Amundson's opinion."

The Magistrate Judge based his conclusion on the Tenth Circuit's discussion in *White v. Barnhart*, 287 F.3d 903 (10th Cir. 2001). In that case, the claimant argued that the ALJ should have recontacted the treating physician "to obtain a more detailed medical examination and disability assessment." *Id.* at 908. The court began by observing that, by regulation, the Commissioner—and, as interpreted by the Circuit, also an ALJ— has a duty to recontact the treating physician if the information provided by a treating physician is "inadequate" for the ALJ to determine whether the claimant is disabled. *Id.* (quoting 20 C.F.R. § 416.912(e)). More specifically, an ALJ must recontact a claimant's doctor to obtain "additional evidence or clarification" when "the report from [the claimant's] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.912(e)(1).

Contrary to the claimant's argument in *White*, however, the Tenth Circuit in that case found that the ALJ did not err by failing to recontact the treating physician:

> For it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the "evidence" the ALJ "receive[s] from [the claimant's] treating physician" that triggers the duty. *See* 20

C.F.R. § 416.912(e).   The ALJ believed the information he received from [the treating physician] was "adequate" for consideration; that is, it was not so incomplete that it could not be considered.   However, the ALJ also believed that the conclusion [the treating physician] reached was wrong; that is, it was insufficiently supported by the record as a whole.

. . .

Given the nature and limits of our review, and given as well the detailed reasons offered by the ALJ for rejecting [the treating physician's] opinion, we do not second-guess his decision.   Much of the evidence in this close case was in conflict. The ALJ was forced to weigh all of it before reaching his decision.   As we have said repeatedly, we are unable to now reweigh that evidence and substitute our judgment for his.

287 F.3d at 908-09.

Based on that guidance, the Magistrate Judge in this case concluded that the ALJ did not breach a duty to recontact the claimant's treating physician.   Instead of finding that the ALJ erred by not recontacting the treating physician, the Magistrate Judge found that the treating physician offered an adequate, though premature, disability evaluation that was contradicted by all of the subsequent medical evidence in the record:

[P]laintiff argues that because the ALJ found Dr. Amundson's opinion was proffered too soon after surgery, this constitutes a finding that the opinion was inadequate to determine whether plaintiff was disabled.   Contrary to plaintiff's argument, the ALJ's reason constitutes a finding that plaintiff was still recovering from surgery when Dr. Amundson's opinion was formed, plaintiff's condition improved thereafter, and the opinion would not be accepted as stating plaintiff's level of functioning at the time the ALJ made his decision.

Alternatively, plaintiff argues that if the opinion was not ambiguous and was adequate to make a determination, it should have been given controlling weight because there was no other contrary substantial evidence of record.   Dr. Amundson's opinion, in conjunction with the other evidence of record, was found adequate by the ALJ to determine whether plaintiff is disabled.   The ALJ merely determined for reasons given in the decision that the opinion was without persuasive force regarding plaintiff's condition after the date of the opinion and continuing until the decision was made.   That is precisely the kind of determination an ALJ must make, and this court finds that the determination is supported by substantial

7

evidence in the record.   The court finds no error in evaluating Dr. Amundson's opinion.

**C.     The Objection that the ALJ Failed to Recontact the Treating Physician**

Upon issuance of the Magistrate Judge's Report and Recommendation, Mr. Palmer alleged that the Magistrate Judge's above analysis is incorrect.   Relying on the decision in *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004), Mr. Palmer argued, "If the duty to recontact a treating source is not triggered in this case (where a treatment source has rendered an opinion, the opinion was deemed to have been provided too early in time, and the claimant has not been examined for disability purposes since the opinion was rendered) it begs the question under what circumstances it might be triggered."

Despite Mr. Palmer's objection, however, the court independently reaches the same conclusion as the Magistrate Judge regarding the ALJ's duty in this case to recontact the treating physician, Dr. Amundson.   The court discerns a distinction between a conflict in the record, on the one hand, and a conflict in the treating physician's report, on the other.   The regulation at issue, § 416.912(e)(1), dictates that the duty to recontact is present "when the report from your medical source contains a conflict. . . ."   *Id.*   That situation would occur, for instance, where the treating physician's conclusion contradicts the factual findings included in the same evaluation.   In that situation, the singular "report" contains a conflict.   At the other end of the spectrum, there could be a situation where the record as a whole contains conflicting evidence that the ALJ weighs and then, based on an overall assessment, decides whether the claimant is disabled.   Because in that situation the singular "report" of the treating physician does not contain a conflict, there does not

appear to be a duty for the ALJ to recontact the treating physician.

These two different situations likely explain why the Tenth Circuit reached opposite conclusions regarding the duty to recontact a treating physician in *White*, 287 F.3d 903, and *Robinson*, 366 F.3d 1078.   In *White*, because the ALJ did not find that the treating physician's opinion was inadequate, there was no duty imposed on the ALJ to recontact the treating physician. As the court explained, "For it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receive[s] from [the claimant's] treating physician' that triggers the duty."  287 F.3d at 908-09.

In *Robinson*, by contrast, the ALJ rejected the treating physician's opinion because the treating physician did not specify the reason he concluded that the claimant was disabled.   That warranted remand, the Circuit held, because "the ALJ's statement that [the treating physician's] records did not give a reason for his opinion that claimant is unable to work triggered the ALJ's duty to seek further development of the record before rejecting the opinion."   366 F.3d at 1084.

In line with the Magistrate Judge, the court holds that the ALJ's assessment in this case is controlled by the analysis in *White*, rather than *Robinson*.   Here, the ALJ did not give "limited weight" to the treating physician's February 2003 evaluation because that evaluation was based on insufficient evidence or failed to state a reason for the physician's assessment.   Instead, as the ALJ wrote in his opinion, the February 2003 opinion was entitled to "limited weight" because it was superceded by substantial evidence in the record that, without exception, contradicted the assessment that Mr. Amundson met Listing 1.04A.   Based on what the ALJ described as a longitudinal review of the evidence over time, he articulated a reasonable basis for giving "limited

weight" to the February 2003 evaluation: it was premature because it was too close in time to the date of Mr. Palmer's major surgery in December 2002.  Moreover, the seven reasons listed by the ALJ for giving "limited weight" to the treating physician's opinion reflect that there is substantial evidence in the record to support the conclusion that Mr. Palmer is not disabled.  Notably, it appears to be undisputed that Mr. Palmer improved in each later medical evaluation, and contrary to Mr. Palmer's objection, these included evaluations to determine disability.   In sum, the evaluation by the treating physician in February 2003 might have been adequate at the time it was given; however, the overwhelming evidence revealed that Mr. Palmer was not, in fact, disabled.

If the court were to follow Mr. Palmer's expansive interpretation of § 416.912(e)(1), then an ALJ could never deny benefits to a claimant without recontacting the claimant's treating physician if that treating physician had ever, at any time, determined that the claimant had medical impairments sufficient to constitute being disabled.   That interpretation is entirely unsupported either by the Social Security regulations or by the Tenth Circuit.   Instead, the court will follow the guidance from *White* that "it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receive[s] from [the claimant's] treating physician' that triggers the duty."  287 F.3d at 908-09.

In this case, the ALJ did not determine that Dr. Amundson's February 2003 evaluation was inadequate.  Instead, the ALJ determined that the February 2003 evaluation was superceded, and without exception contradicted, by substantial evidence in the record that, as Mr. Palmer engaged in physical therapy rehabilitation in the months following his December 2002 surgery, he was not disabled at step five of the analytical framework.   The court agrees with the Magistrate Judge's

opinion that this finding is distinct from a finding that the treating physician's evaluation was entitled to "limited weight" because it was inadequate.

<u>CONCLUSION</u>

For the reasons explained above, the court agrees with the Magistrate Judge that the ALJ did not breach any alleged duty to recontact the treating physician, Dr. Amundson.   Therefore, the court will adopt the Report and Recommendation of the Magistrate Judge and, as a result, affirm the Commissioner's decision to deny benefits to Mr. Palmer.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court adopts the Magistrate Judge's Report and Recommendation.   Accordingly, the decision of the Commissioner to deny disability benefits to Mr. Palmer is affirmed.

**IT IS SO ORDERED.**

Dated this 6th  day of June, 2006

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

11